**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 1:26CR00071 SRC** |
| | ) | |
| **KENNETH D. ROBINSON,** | ) | |
| | ) | |
| **Defendant.** | ) | |

# GUILTY-PLEA AGREEMENT

Come now the parties and hereby agree, as follows:

**1. PARTIES:**

The parties are the defendant Kenneth D. Robinson, represented by defense counsel Cira Duffe, and the United States of America (hereinafter "United States" or "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. The Court is neither a party to nor bound by this agreement.

**2. GUILTY PLEA:**

**A. The Plea:** Pursuant to Rule 11(c)(1)(A), of the Federal Rules of Criminal Procedure, in exchange for the Defendant's voluntary plea of guilty to the offense charged in the Indictment, being Felon in Possession of a Firearm, the United States agrees that no further federal prosecution will be brought in this District relative to Defendant's violations of federal law, known to the United States at this time, arising out of the events set forth in the Indictment.

**B. The Sentence:** The parties understand that the Court will determine the U.S. Sentencing Guidelines range (combination of Total Offense Level and Criminal History Category) applicable to defendant and his offense of being a previously convicted felon in possession of a firearm. The parties further agree that either party may request a sentence above or below the U.S. Sentencing Guidelines range (combination of Total Offense Level and Criminal History Category) ultimately determined by the Court pursuant to any chapter of the Guidelines, Title 18, United States Code, Section 3553, or any other provision or rule of law not addressed herein. The parties further agree that notice of any such request will be given no later than ten (10) days prior to sentencing and that said notice shall specify the legal and factual bases for the request. The parties understand that the Court is neither a party to nor bound by the Guidelines recommendations agreed to in this document.

**3. ELEMENTS:**

As to the offense charged in the Indictment, Felon in Possession of a Firearm, the Defendant admits to knowingly violating Title 18, United States Code, Section 922(g)(1), and admits there is a factual basis for the plea and further fully understands that the elements of the crime are as follows:

**(i)** The Defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year;

**(ii)** The Defendant, thereafter, knowingly possessed a firearm;

**(iii)** At the time the defendant knowingly possessed a firearm, he knew he had been convicted of a crime punishable by imprisonment for more than one year; and

**(iv)** The firearm was transported across a state line at some point during or before the

Defendant's possession of it.

(v) Additionally, Defendant is an Armed Career Criminal, and the offense is thus punishable under 18 U.S.C. § 924(e), because Defendant had three or more prior convictions for a violent felony or a serious drug offense committed on occasions different from one another, prior to committing the instant offense.

4. **FACTS:**

The parties agree that the facts in this case are as follows and that the United States would prove these facts beyond a reasonable doubt if the case went to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

**A. Status as a Felon**

Prior to April 16, 2026, defendant Robinson had been convicted, and he knew he had been convicted of several felony offenses, including the following described felony offenses, as referenced in the Indictment, punishable by a term of imprisonment exceeding one year. Additionally, Defendant has three or more prior convictions for a violent felony or a serious drug offense committed on occasions different from one another, including but not limited to the first three felony offenses described below:

Assault in the Second Degree, a Class C Felony, Circuit Court of New Madrid County, Missouri, Case No: CR296-649F, SIS, on November 12, 1996; probation revoked and sentence of five years imprisonment, MO DOC, imposed on April 14, 1998, SES, four years of probation; probation again revoked on September 22, 1998, and five year sentenced ordered executed; on November 12, 1996

Assault in the First Degree, a Class B Felony, Circuit Court of New Madrid County, Missouri, Case No: 05NM-CR01115-01; on January 10, 2006, sentenced to seven years imprisonment

Assault in the Second Degree, a Class C Felony, Circuit Court of New Madrid County, Missouri, Case No: 02-754962; on February 11, 2003, sentenced to five years

imprisonment

Possession of a Controlled Substance, a Class C Felony, Circuit Court of Cape Girardeau County, Missouri, Case No: 14CGCR01641-01; on August 10, 2015, sentenced to five years imprisonment

**B. Felon in Possession of a Firearm**

During the morning of April 16, 2026, law enforcement officers received information regarding the location of Defendant Kenneth D. Robinson who was wanted pursuant to an arrest warrant. An officer observed Kenneth Robinson sitting on the front porch swing at the residence located at 321 Diggs Street, Lilbourn, New Madrid County, Missouri. Several officers approached the residence where Robinson was sitting. Robinson was contacted, and ordered to the ground. Robinson was cooperative and was placed into handcuffs without incident.

Officers advised Robinson that they were going to stand him up to finish searching him. While assisting Robinson up to a standing position, a black Taurus G2c 9mm semi-automatic pistol fell out of the front pouch of the black hoodie Robinson was wearing. Robinson knowingly possessed that pistol. Officers knew Robinson was prohibited from possessing a firearm due to him being a previously convicted felon. The pistol was loaded with one (1) 9mm cartridge in the chamber and eleven (11) additional rounds in the magazine. Officers seized and secured the pistol and ammunition and transported Robinson to the Mississippi County Jail.

**C. Interstate Nexus**

ATF Special Agent Matt Jones prepared a Report of Investigation indicating that the Taurus, Model 92c, 9mm semi-automatic pistol was manufactured in the country of Brazil. Therefore, the Taurus, Model 92c, 9mm semi-automatic pistol had traveled in interstate and foreign commerce before it arrived in the State of Missouri. At the time defendant Robinson

knowingly possessed the Taurus, Model 92c, 9mm semi-automatic pistol in New Madrid County, Eastern District of Missouri, he knew he had been convicted of crimes punishable by a term of imprisonment exceeding one year. Additionally, prior to committing the instant offense, Defendant Robinson had three or more prior convictions for a violent felony or a serious drug offense committed on occasions different from one another.

**5. STATUTORY PENALTIES:**

The Defendant fully understands that the maximum possible penalty provided by law for the crime to which the Defendant is pleading guilty is imprisonment of not more than life imprisonment, a fine of not more than $250,000, or both such imprisonment and fine. The Court also may impose a period of supervised release of not more than five years. Defendant fully understands that the mandatory minimum sentence for an Armed Career Criminal under 18 U.S.C. § 924(e) is 15 years imprisonment. In the event defendant is subject to any undischarged or anticipated term of imprisonment imposed by any court, defendant has been apprised by counsel that the sentence imposed in this case may be imposed consecutively to the undischarged or anticipated term of imprisonment.

**6. U.S. SENTENCING GUIDELINES (2025 MANUAL)**

The Defendant understands that this offense is affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category. The parties agree that the following are the U.S. Sentencing Guidelines Total Offense Level provisions that apply.

**A. Chapter 2 Offense Conduct:**

i. **Base Offense Level:** The parties agree that the Base Offense Level is determined under Section 4B1.4 because defendant is an Armed Career Criminal.

ii. **Specific Offense Characteristics:** The parties have not agreed as to whether any Specific Offense Characteristics apply.

B. **Chapter 3 Adjustments:**

i. **Acceptance of Responsibility:** The parties recommend that two levels should be deducted pursuant to U.S.S.G. § 3E1.1(a) because Defendant has clearly demonstrated acceptance of responsibility. If this deduction is applied, and if Defendant is otherwise eligible, then the Government moves to deduct one additional level pursuant to U.S.S.G. § 3E1.1(b), because Defendant timely notified authorities of the intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently. The parties agree that the defendant's eligibility for this deduction is based upon information presently known. If the Government subsequently receives new evidence of statements or conduct by the defendant which it believes are inconsistent with defendant's eligibility for this deduction—including any violation of this agreement—the Government may present said evidence to the Court and argue that the defendant should not receive all or part of the deduction pursuant to Section 3E1.1 without violating the plea agreement.

ii. **Other Chapter 3 Adjustments:** The parties have no further agreement regarding any other Chapter 3 adjustments apply.

C. **Estimated Total Offense Level:** The parties agree that the Total Offense Level will depend on the Base Offense Level determined pursuant to Section 4B1.4, along with other relevant factors stated above.

**D. <u>Criminal History:</u>** The determination of the Defendant's Criminal History Category shall be left to the Court. Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the Defendant's criminal history and the applicable category. The Defendant's criminal history is known to the Defendant and is substantially available in the Pretrial Services Report.

**E. <u>Effect of Parties' U.S. Sentencing Guidelines Analysis:</u>** The parties agree that the Court is not bound by the Guidelines analysis agreed to herein. The parties may not have foreseen all applicable Guidelines. The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein, and the parties shall not be permitted to withdraw from the plea agreement. The Government recognizes it is bound by the specific agreements made herein but reserves the right to answer any questions the U.S. Probation Office or the Court might have related to sentencing or present evidence at the Court's request.

**7. <u>WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:</u>**

**A. <u>Appeal:</u>** The Defendant has been fully apprised by defense counsel of the Defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

**i. <u>Non-Sentencing Issues:</u>** The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery and the guilty plea.

**ii. <u>Sentencing Issues:</u>** The parties reserve the right to appeal all sentencing issues.

**B. <u>Habeas Corpus:</u>** The Defendant agrees to waive all rights to contest the

conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

**C.** **<u>Right to Records:</u>** The Defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

**8.** **<u>OTHER:</u>**

**A.** **<u>Disclosures Required by the United States Probation Office:</u>** The Defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the United States.

**B.** **<u>Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:</u>** Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the Defendant.

**C.** **<u>Supervised Release:</u>** Pursuant to any supervised release term, the Court will impose standard conditions upon the Defendant and may impose special conditions related to the crime Defendant committed. These conditions will be restrictions on the Defendant to which the Defendant will be required to adhere. Violation of the conditions of supervised release resulting in revocation may require the Defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code,

Section 3583(e)(3), without credit for the time served after release. The Defendant understands that parole has been abolished.

**D. Mandatory Special Assessment:** This offense is subject to the provisions of the Criminal Fines Improvement Act of 1987 and the Court is required to impose a mandatory special assessment of $100 per count for a total of $100, which the Defendant agrees to pay at the time of sentencing. Money paid by the Defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

**E. Possibility of Detention:** The Defendant may be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

**F. Fines and Costs of Incarceration and Supervision:** The Court may impose a fine, costs of incarceration, and costs of supervision. The Defendant agrees that any fine imposed by the Court will be due and payable immediately.

**G. Forfeiture:** The defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States. The defendant agrees to abandon his interest in all seized items and further agrees that said items may be disposed of or destroyed by law enforcement officials in any manner without further notice. By abandoning these items, the defendant waives any future rights to receive additional notice, a valuation of the items, or the opportunity to submit a claim to contest the disposition or destruction of the items that may exist under any policies or procedures of the seizing agency(ies).

The defendant agrees the stipulated facts above are sufficient to support forfeiture of certain

assets pursuant to the applicable forfeiture authorities. Defendant specifically agrees to the forfeiture of the following: a Taurus, Model 92c, 9mm semi-automatic pistol and all ammunition, seized by law enforcement officers. The defendant agrees the Court may enter a consent preliminary order of forfeiture any time before sentencing, and such Order will become final as to the defendant when it is issued and will be part of the sentence. The defendant agrees not to object to any administrative, civil or criminal forfeiture brought against any assets subject to forfeiture. The defendant will execute any documents and take all steps needed to transfer title or ownership of said assets to the government and/or to rebut the claims of nominees and/or alleged third party owners. The defendant knowingly and intelligently waives all constitutional, statutory and equitable challenges to any forfeiture carried out in accordance with this plea agreement, including but not limited to that defendant was not given adequate notice of forfeiture in the charging instrument.

## 9. ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:

In pleading guilty, the Defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the United States to prove the elements of the offenses charged against the Defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses. The Defendant further understands that by this guilty plea, the Defendant expressly

waives all the rights set forth in this paragraph.

The Defendant fully understands that the Defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The Defendant's counsel has explained these rights and the consequences of the waiver of these rights. The Defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

The Defendant is fully satisfied with the representation received from defense counsel. The Defendant has reviewed the United States' evidence and discussed the United States' case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which the Defendant has requested relative to the United States' case and any defenses.

## 10. VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:

This document constitutes the entire agreement between the Defendant and the United States, and no other promises or inducements have been made, directly or indirectly, by any agent of the United States, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, the Defendant states that no person has, directly or indirectly, threatened or coerced the Defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The Defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. The Defendant further acknowledges that this guilty plea is made of the Defendant's own free will and that the Defendant is, in fact, guilty.

**11. CONSEQUENCES OF POST-PLEA MISCONDUCT:**

After pleading guilty and before sentencing, if Defendant commits any crime, other than minor traffic offenses, violates any conditions of release that results in revocation, violates any term of this guilty-plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement. The United States may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

**12. NO RIGHT TO WITHDRAW GUILTY PLEA:**

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the Defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the United States agrees to dismiss or not to bring.

21 August 2026
Date

PAUL W. HAHN
Assistant United States Attorney

8-21-2026
Date

KENNETH D. ROBINSON
Defendant

8/21/2026
Date

CIRA DUFFE
Attorney for Defendant